Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NW**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Jenna Baird*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JENNA BAIRD**, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>**TIGARD-TUALATIN SCHOOL DISTRICT 23J**, a public body of the State of Oregon, **BROOKE MAYO**, individually and in her official capacity as an Associate Principal of Tualatin High School, **LEN REED**, individually and in her official capacity as the Tigard-Tualatin School District 23J Human Resources Director, and **BRIAN BAILEY**, individually and in his official capacity as the Tigard-Tualatin School District 23J Associate Human Resources Director,<br><br>          Defendants. | Case No. 3:23-cv-01361<br><br>**COMPLAINT**<br>**Violation of the Federal Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.; Violations of Oregon Family Leave, ORS §§ 659A.150–659A.186; Discrimination on Basis of Sex, ORS §§ 659A.029 and 659A.030(1)(a); Aiding and Abetting Unlawful Employment Practices, ORS § 659A.030(1)(g); Breach of Implied Contract**<br><br>**Claim: $500,000.00**<br>**Filing Fee: $402.00**<br><br>**DEMAND FOR JURY TRIAL** |

PAGE 1 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Plaintiff Jenna Baird ("Plaintiff"), by and through her undersigned attorneys, does hereby state and allege as follows:

## I.    INTRODUCTION

1.

This is a civil rights and employment case involving violations of the federal Family and Medical Leave Act ("FMLA"), violations of Oregon Family Leave law ("OFLA"), Discrimination on the Basis of Sex, and aiding and abetting unlawful employment practices, which resulted in Jenna Baird's ("Plaintiff") resignation in lieu of a recommendation of non-renewal from her employment with the Tigard-Tualatin School District 23J ("TTSD"), working for Tualatin High School ("TuHS"). Plaintiff was probationary teacher under ORS 342.815(6).

Plaintiff's resignation in lieu of a recommendation of non-renewal has resulted in Plaintiff sustaining economic and non-economic damages including loss income and benefits, loss of professional reputation, humiliation, anxiety, and physical and emotional distress. Defendants violated Plaintiff's fundamental rights when they interfered with Plaintiff's protected leave under federal and state law by forcing her to work while on leave, discriminated and/or retaliated against Plaintiff for utilizing protected leave under federal and state law by forcing her to resign in lieu of a recommendation of non-renewal while on leave, and discriminated against Plaintiff on the basis of her sex, including pregnancy and/or childbirth.

Defendants' adverse employment actions include issuing Plaintiff an oral reprimand, as well as issuing Plaintiff a written reprimand and corrective instruction while on protected leave, requiring Plaintiff to correct performance deficiencies while on protected leave or face non-renewal of her employment, and forcing Plaintiff to resign in lieu of a recommendation of non-renewal while on protected leave Plaintiff alleges that a recommendation of non-renewal would

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

have been tantamount to termination. Plaintiff seeks compensation for the numerous losses caused by the misconduct of TTSD (as the legal entity encapsulating TuHS), TuHS Associate Principal Brooke Mayo, TTSD Human Resources Director Len Reed, and TTSD Associate Human Resources Director Brian Bailey.

## II.    JURISDICTION AND VENUE

2.

This action alleges violations of federal law under FMLA (29 U.S.C. §§ 2601 *et seq.*), and laws of the State of Oregon under ORS Chapter 659A, including the OFLA. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3.

Venue in this district is proper under 28 U.S.C. § 1391(b) and Local Rule 3-2 because the Defendants reside or are located within this District and Division, and the events or omissions giving rise to Plaintiff's claims occurred within this District and Division.

## III.    THE PARTIES

4.

At all material times herein, Plaintiff was and is a citizen of Oregon, employed by TTSD, through TuHS, as a teacher of secondary education. Plaintiff was a probationary teacher as defined in ORS 342.815(6).

5.

At all material times herein, TuHS was and is an extension of Defendant TTSD, which was and is a special government body and public body of the State of Oregon. TTSD is a public employer. TTSD, through TuHS, continually employed Plaintiff in some capacity from 2010 until

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

her resignation in lieu of a recommendation of non-renewal became effective at the end of the 2022-23 academic year.

6.

At all material times herein, Defendant Brooke Mayo ("Mayo"), was and is a citizen of Oregon, employed by TTSD as an associate principal of TuHS. At some times herein, Mayo was acting within the scope of her employment as associate principal of TuHS, and at other times herein, Mayo was acting outside the scope of her employment as associate principal at TuHS.

7.

At all material times herein, Defendant Len Reed ("Reed"), was and is a citizen of Oregon, employed by TTSD as the Human Resources Director. At some times herein, Reed was acting within the scope of her employment as Human Resources Director of TTSD, and at other times herein, Reed was acting outside the scope of her employment as Human Resources Director of TTSD.

8.

At all material times herein, Defendant Brian Bailey ("Bailey"), was and is a citizen of Oregon, employed by TTSD as the Associate Human Resources Director. On information and belief, Bailey was responsible for managing the TTSD's employee's leave.[1] At some times herein, Bailey was acting within the scope of his employment as Associate Human Resources Director of TTSD, and at other times herein, Bailey was acting outside the scope of his employment as Associate Human Resources Director of TTSD.

///

---

[1] According to the TTSD Human Resources website, Associate Human Resources Director Brian Bailey is responsible for Leave Management. https://www.ttsdschools.org/domain/35.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## IV.    COMPLIANCE WITH ORS § 30.260 TO 30.300: OREGON TORT CLAIMS ACT

9.

Plaintiff has complied with the applicable notice requirements under ORS 30.275.

10.

On or about May 19, 2023, Plaintiff, through counsel, provided written notice to TTSD regarding intent to commence legal action and giving TTSD notice of tort claims. This Tort Claim Notice was sent via United States Postal Service Certified Mail. Certified Mail Return Receipts indicate that TTSD received the Tort Claim Notice on May 23, 2023.

## V.    FACTUAL ALLEGATIONS

11.

Plaintiff worked for TTSD in some capacity at TuHs, for 13 academic years. Prior to the events leading up to her resignation in lieu of a recommendation of non-renewal, Plaintiff had never been issued discipline nor reprimand, nor been found to have committed misconduct. Additionally, Plaintiff was never evaluated to be unsatisfactory in her performance or been placed on a plan of assistance for improvement.

12.

Plaintiff began her employment with TuHS in September of 2010 as the head coach of the softball team. Plaintiff held this position until September of 2022. Under her leadership, the softball team won two state championships and appeared in a third, and Plaintiff was named Oregon coach-of-the-year twice.

13.

Beginning on or about August 30, 2021, TuHS also employed Plaintiff as a teacher in the Business Department, teaching Career and Technical Education ("CTE").

PAGE 5 – **COMPLAINT**

14.

Plaintiff's CTE position included classroom instruction as well as mentoring students in managing the student-run, on-campus student store.

15.

In or about June of 2022, Plaintiff informed TuHS Principal Michael Dellerba ("Dellerba") that Plaintiff was pregnant and that she would be taking planned, protected leave under FMLA and OFLA following the birth of her child, which was expected to arrive in early January of 2023.

16.

In or about October of 2022, the student-run, on-campus store began offering a beverage for sale which contains some amount of caffeine and may be considered an "energy drink."

17.

On information and belief, the caffeinated beverage qualifies as an approved item for students under the Oregon Smart Snacks Standards and does not violate the standards for food and beverages sold to students in schools set by ORS 336.423. However, the TTSD school board had separately issued a Local Wellness Program policy declaring that "energy drinks" shall not be sold by student enterprises. Plaintiff had not previously been informed of that policy.

18.

In or about November of 2022, upon discovering the school board's energy drink policy, Plaintiff promptly moved to ensure that the caffeinated beverage was removed from the store's inventory.

19.

At all material times herein, there also existed a student-run, on-campus café, which offers coffee and espresso-based beverages for sale to students. On information and belief, the student

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

café is part of the Culinary Arts program of the CTE department, and students who operate the café are taught by CTE teacher, Heidi McManus ("McManus"). Plaintiff asserts that the coffee and espresso-based beverages being sold by the café contained substantially similar amounts of caffeine to the beverage being sold by the student store.[2]

20.

On or about December 14, 2022, on information and belief, McManus filed a complaint with Mayo regarding Plaintiff's management of her students and the student store allowing the sale of energy drinks that compete with the sale of coffee-based beverages from the student café.

21.

On or about December 15, 2023, the day before the semester ended for winter break, Mayo met with Plaintiff to deliver oral reprimands regarding the sale of the caffeinated beverage at the student store, even though the beverage had already been removed from inventory. On information and belief, Mayo also criticized Plaintiff's teaching performance for pretextual reasons, but Mayo did not inform Plaintiff of the complaints from McManus. Mayo's failure to inform Plaintiff of McManus' complaints is in violation of the TTSD Complaint Procedure.

22.

On or about December 16, 2023, the TuHS academic semester ended for the winter break.

23.

On or about December 30, 2022, Plaintiff gave birth to her child.

---

[2] According to Center for Science in the Public Interest, a 16-ounce (Grande) Starbucks Caffè Americano contains 225 mg of caffeine, a 16-ounce (Grande) Starbucks Coffee, Pike Place Roast contains 310 mg of caffeine, a 20-ounce (Venti) Starbucks Coffee, Pike Place Roast contains 410 mg of caffeine, a 1.5-ounce (Doppio) Starbucks Espresso shot contains 150 mg of caffeine. https://www.cspinet.org/caffeine-chart. Conversely, a 12-ounce can of Celsius, the beverage being sold in the student store, contains 200 mg of caffeine. https://www.celsius.com/essential-facts/

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

24.

On or about January 2, 2023, TuHS began its next academic semester. Also, on or about January 2, 2023, Plaintiff began her planned, protected leave under FMLA and OFLA.

25.

On or about January 9, 2023, while Plaintiff was out on protected leave under FMLA and OFLA, Mayo served Plaintiff with written notice that Plaintiff must correct certain shortcomings in Plaintiff's teaching, or Mayo would recommend Plaintiff for non-renewal for the next academic year, essentially terminating her employment (henceforth referred to as the "Written Warning"). (Exhibit 1).

26.

The Written Warning from Mayo outlined three areas that required Plaintiff to correct. On information and belief, these corrections were pretextual reasons to terminate Plaintiff. The first area that required correction was the removal of the caffeinated beverage from the student store, which had been completed before Plaintiff received any disciplinary action; the second area inaccurately alleged that Plaintiff failed to incorporate certain teaching strategies that she had already successfully incorporated into her teaching; and the final area that required correction was regarding Plaintiff's ability to manage her classroom, which was directly tied to, and impacted in significant part by, her pregnancy and the limitations her pregnancy placed on her ability to move about the classroom easily.

27.

The Written Warning indicated that Plaintiff must prove to Mayo that these three areas had been corrected within an undefined time period, otherwise Mayo would recommend that Plaintiff's teaching contract not be renewed for the next academic year.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

28.

The Written Warning also acknowledged Plaintiff's protected leave under FMLA and OFLA and disclosed Mayo's belief that Plaintiff would be unable to show that the areas had been corrected within the identified time period because Plaintiff would be out on protected leave.

29.

Finally, the Written Warning offered Plaintiff the opportunity to submit a post-dated letter of resignation in lieu of a recommendation of non-renewal, which would be held, and not accepted, until June 1, 2023. The Written Warning implied that if Plaintiff could prove to Mayo's satisfaction that the three areas had been corrected before June 1, 2023, then Mayo would discard Plaintiff's resignation.

30.

Pursuant to ORS 342.513, the TTSD board must give written notice of renewal or nonrenewal of a teacher's contract by March 15 of each year, which was well before the June 1, 2023, deadline for correction that was implied by Mayo in the Written Warning. However, the teacher evaluation handbook allowed for an extension of the notice to the end of the school year.[3]

31.

The Written Warning required Plaintiff to submit her letter of resignation in lieu of a recommendation of non-renewal by January 20, 2023, or Mayo would recommend Plaintiff for non-renewal. Plaintiff's planned, protected leave under FMLA and OFLA was scheduled to go

---

[3] TTSD Teacher Evaluation Handbook (2013), pg. 6-7. licensed_evaluation_handbook__1_.pdf (weebly.com)

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

beyond January 20, 2023, and Plaintiff did not submit a letter of resignation by the date required by Mayo.

32.

On or about February 24, 2023, Plaintiff submitted her letter of resignation in lieu of a recommendation of non-renewal, post-dated for the end of the 2022-23 academic year.

33.

In or about March of 2023, Plaintiff extended her leave under FMLA and OFLA due to the onset of pregnancy-related disability.

34.

On or about April 27, 2023, TTSD informed Plaintiff that her resignation was accepted, prior to the June 1, 2023, date that Mayo set in the Written Warning.

35.

On information and belief, TTSD accepted Plaintiff's resignation early because there was a budget shortfall for the following academic year that required a reduction in force for the business education department. On information and belief, because of Plaintiff's seniority, Plaintiff held lay-off priority over other teachers within the business education department and Plaintiff should not have been targeted for reduction.

36.

In or about May of 2023, Plaintiff extended her protected leave under FMLA and OFLA again, due to pregnancy related disability and anxiety caused by her forced resignation.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2615(a)(1)
### (Against Defendant TTSD)

37.

Plaintiff incorporates paragraphs 1-36 by reference herein.

38.

TuHS is a secondary school within TTSD, which is a local education agency subject to the restrictions and requirements of 29 U.S.C. §§ 2601 *et seq.*, FMLA.

39.

In or about June of 2022, Plaintiff provided proper notice to Dellerba, TuHS, and thereby TTSD, of her intent to take protected leave for qualifying reasons under FMLA and OFLA, following the birth of her child. Thereafter, Plaintiff scheduled her protected leave to begin on January 2, 2023.

40.

On or about January 9, 2023, while Plaintiff was out on scheduled, protected leave under FMLA and OFLA, TTSD interfered with Plaintiff's protected leave by authorizing Mayo to serve Plaintiff with written reprimand, threatening to recommend Plaintiff for non-renewal if she did not respond to the reprimand, and requiring Plaintiff to submit a resignation in lieu of non-renewal while Plaintiff was still on protected leave.

41.

Defendants forced Plaintiff to perform work-related actions while she was on protected leave under FMLA and OFLA, including responding to a letter of correction and reprimand.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

42.

On information and belief, TTSD's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA.

43.

Due to Defendants' actions, Plaintiff was forced to make an impossible decision; on the one hand, be recommended for non-renewal; or resign in lieu of a recommendation of non-renewal.

44.

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to compensatory damages and interest, and liquidated damages equaling those compensatory damages and interest, as well as reasonable attorney fees, and costs incurred herein, to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2615(a)(2).**
**(Against Defendant TTSD)**

45.

Plaintiff incorporates paragraphs 1-44 by reference herein.

46.

On or about January 9, 2023, while Plaintiff was out on scheduled, protected leave under FMLA and OFLA, Mayo served Plaintiff with written reprimand, threatening to recommend Plaintiff for non-renewal if she did not comply with the reprimand, and requiring Plaintiff to submit resignation in lieu of non-renewal.

47.

On or about January 17, 2023, and January 18, 2023, Plaintiff was forced to respond in opposition to the written reprimand, and Plaintiff was eventually forced to submit a letter of

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

resignation in lieu of a recommendation of non-renewal because Plaintiff would not be able to meet the performance improvement expectations from Mayo while out on protected leave.

48.

On or about April 27, 2023, Plaintiff was notified by TTSD personnel that her resignation had been accepted early. Plaintiff was forced to respond in opposition to this notice, alleging that she was being forced to resign in lieu of a recommendation of non-renewal while on protected leave under FMLA and OFLA.

49.

On information and belief, TTSD's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA.

50.

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to compensatory damages and interest, and liquidated damages equaling those compensatory damages and interest, as well as reasonable attorney fees, and costs incurred herein, to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF OREGON FAMILY LEAVE**
**ORS § 659A.183(1)**
**(Against Defendant TTSD)**

51.

Plaintiff incorporates paragraphs 1-50 by reference herein.

52.

TuHS is a secondary school within TTSD, which is a covered employer subject to the restrictions and requirements of 659A.150-659A.186, the Oregon Family Leave laws ("OFLA").

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

53.

In or about June of 2022, Plaintiff provided proper notice to Dellerba, TuHS, and thereby TTSD, of her intent to take protected leave for qualifying reasons under FMLA and OFLA, following the birth of her child. Thereafter, Plaintiff scheduled her protected leave to begin on January 2, 2023.

54.

On or about January 9, 2023, while Plaintiff was out on scheduled, protected leave under FMLA and OFLA, TTSD interfered with Plaintiff's protected leave by authorizing Mayo to serve Plaintiff with written reprimand, threatening to recommend Plaintiff for non-renewal if she did not respond to the reprimand, and requiring Plaintiff to submit resignation in lieu of non-renewal in order for Plaintiff to get an extension of time to meet the performance improvement expectations.

55.

Defendants forced Plaintiff to perform work-related actions while she was on protected leave under FMLA and OFLA, including responding to a letter of correction and reprimand.

56.

On information and belief, TTSD's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA.

57.

Due to Defendants' actions, Plaintiff was forced to resign in lieu of a recommendation of non-renewal.

///

///

///

PAGE 14 – **COMPLAINT**

58.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## FOURTH CLAIM FOR RELIEF
## VIOLATIONS OF OREGON FAMILY LEAVE
## ORS § 65A.183(2)
## (Against Defendant TTSD)

59.

Plaintiff incorporates paragraphs 1-58 by reference herein.

60.

On or about January 9, 2023, while Plaintiff was out on scheduled, protected leave under FMLA and OFLA, Mayo served Plaintiff with written reprimand, threatening to recommend Plaintiff for non-renewal if she did not comply with the reprimand, and requiring Plaintiff to submit resignation in lieu of non-renewal.

61.

On or about January 17, 2023, and January 18, 2023, Plaintiff was forced to respond in opposition to Mayo's reprimand, and Plaintiff was eventually forced to submit her resignation in lieu of a recommendation of non-renewal.

62.

On or about April 27, 2023, Plaintiff was notified by TTSD personnel that her resignation had been accepted early. Plaintiff was forced to respond in opposition to this notice, clarifying that she was being forced to resign in lieu of a recommendation of non-renewal while on protected leave under FMLA and OFLA.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

63.

On information and belief, TTSD's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA.

64.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**DISCRIMINATION ON THE BASIS OF SEX**
**ORS §§ 659A.029 and 659A.030**
**(Against Defendant TTSD)**

65.

Plaintiff incorporates paragraphs 1-64 by reference herein.

66.

In or about June of 2022, Plaintiff informed Dellerba, and thereby TuHS and TTSD, that she was pregnant and expected to deliver her child in January of 2023.

67.

On or about December 15, 2022, while Plaintiff was in the third trimester of her pregnancy, Mayo orally reprimanded Plaintiff in significant part due to Plaintiff's alleged classroom management shortcomings.

68.

On information and belief, on or about December 15, 2022, Mayo acknowledged that Plaintiff's difficulty in managing the classroom was significantly caused by the inability or

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

difficulty with easily moving about the classroom due to her status of being in the third trimester of pregnancy.

69.

On or about January 9, 2023, Mayo served Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, as had been discussed on December 15, 2022.

70.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was on protected leave under FMLA and OFLA due to pregnancy and childbirth.

71.

On or about February 24, 2023, Plaintiff was forced to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's pregnancy and/or childbirth.

72.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2615(a)(1)
### (Against Defendant Mayo)

73.

Plaintiff incorporates paragraphs 1-72 by reference herein.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

74.

Mayo is an "employer" for purposes of FMLA, pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I), because she is a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

75.

On or about January 9, 2023, Mayo served Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

76.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

77.

On or about February 24, 2023, Plaintiff was forced to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

78.

On information and belief, Mayo's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

79.

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to compensatory damages and interest, and liquidated damages equaling those compensatory damages and interest, as well as reasonable attorney fees, and costs incurred herein, to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
## AIDING AND ABETTING UNLAWFUL EMPLOYMENT PRACTICES
## ORS § 659A.030(1)(g)
## (Against Defendant Mayo)

80.

Plaintiff incorporates paragraphs 1-79 by reference herein.

81.

In or about June of 2022, Plaintiff informed Dellerba, and thereby TuHS and TTSD, that she was pregnant and expected to deliver her child in January of 2023.

82.

On or about December 15, 2022, while Plaintiff was in the third trimester of her pregnancy, Mayo orally reprimanded Plaintiff in significant part due to Plaintiff's alleged classroom management shortcomings.

83.

On information and belief, on or about December 15, 2022, Mayo acknowledged that Plaintiff's difficulty in managing the classroom was in significant part caused by Plaintiff's inability or difficulty with easily moving about the classroom while pregnant.

84.

On or about January 9, 2023, Mayo served Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings,

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

85.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

86.

On or about February 24, 2023, Plaintiff was forced to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

87.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
### VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2615(a)(1)
### (Against Defendant Reed)

88.

Plaintiff incorporates paragraphs 1-87 by reference herein.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

89.

Reed is an "employer" for purposes of FMLA, pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I), because she is a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

90.

On information and belief, Reed, as the Human Resources Director for TTSD, was involved in the decision and execution of Mayo on or about January 9, 2023, serving Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

91.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

92.

On information and belief, Reed, as the Human Resources Director for TTSD, was involved in the decision and execution of Mayo on or about February 24, 2023, forcing Plaintiff to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

93.

On information and belief, Mayo's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA and Reed did not stop Mayo and TTSD from taking this action against Plaintiff.

94.

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to compensatory damages and interest, and liquidated damages equaling those compensatory damages and interest, as well as reasonable attorney fees, and costs incurred herein, to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**AIDING AND ABETTING UNLAWFUL EMPLOYMENT PRACTICES**
**ORS § 659A.030(1)(g)**
**(Against Defendant Reed)**

95.

Plaintiff incorporates paragraphs 1-94 by reference herein.

96.

In or about June of 2022, Plaintiff informed Dellerba, and thereby TuHS and TTSD, that she was pregnant and expected to deliver her child in January of 2023.

97.

On information and belief, Reed, as the Human Resources Director for TTSD, was involved in the decision and execution of Mayo orally reprimanding Plaintiff on or about December 15, 2022, while Plaintiff was in the third trimester of her pregnancy. Mayo orally reprimanded Plaintiff in significant part due to Plaintiff's alleged classroom management shortcomings.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

98.

On information and belief, on or about December 15, 2022, Mayo acknowledged that Plaintiff's difficulty in managing the classroom was in significant part caused by Plaintiff's inability or difficulty with easily moving about the classroom while pregnant.

98.

On information and belief, Reed was informed of the conversation that Plaintiff had with Mayo on or about December 15, 2022, and Reed knew that Plaintiff was having difficulty managing the classroom in significant part because Plaintiff was pregnant and could not move around the classroom as easily.

99.

On information and belief, Reed, as the Human Resources Director for TTSD, was involved in the decision and execution of Mayo on or about January 9, 2023, serving Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

100.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

101.

On information and belief, Reed, as the Human Resources Director for TTSD, was involved in the decision and execution of Mayo on or about February 24, 2023, forcing Plaintiff to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

102.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**TENTH CLAIM FOR RELIEF**
**VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2615(a)(1)**
**(Against Defendant Bailey)**

103.

Plaintiff incorporates paragraphs 1-102 by reference herein.

104.

Bailey is an "employer" for purposes of FMLA, pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I), because she is a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

105.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was involved in the decision and execution of Mayo on or about January 9, 2023, serving Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

106.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

107.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was involved in the decision and execution of Mayo on or about February 24, 2023, forcing Plaintiff to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

108.

On information and belief, Mayo's actions were due in significant part to Plaintiff's taking protected leave under FMLA and OFLA and Reed did not stop Mayo and TTSD from taking this action against Plaintiff.

109.

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to compensatory damages and interest, and liquidated damages equaling those compensatory damages and interest, as well as reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**ELEVENTH CLAIM FOR RELIEF**
**AIDING AND ABETTING UNLAWFUL EMPLOYMENT PRACTICES**
**ORS § 659A.030(1)(g)**
**(Against Defendant Bailey)**

110.

Plaintiff incorporates paragraphs 1-109 by reference herein.

111.

In or about June of 2022, Plaintiff informed Dellerba, and thereby TuHS and TTSD, that she was pregnant and expected to deliver her child in January of 2023.

112.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was involved in the decision and execution of Mayo orally reprimanding Plaintiff on or about December 15, 2022, while Plaintiff was in the third trimester of her pregnancy. Mayo orally reprimanded Plaintiff in significant part due to Plaintiff's alleged classroom management shortcomings.

113.

On information and belief, on or about December 15, 2022, Mayo acknowledged that Plaintiff's difficulty in managing the classroom was in significant part caused by Plaintiff's inability or difficulty with easily moving about the classroom while pregnant.

114.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was informed of the conversation that Plaintiff had with Mayo on or about December 15, 2022, and Bailey knew that Plaintiff was having difficulty

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

managing the classroom in significant part because Plaintiff was pregnant and could not move around the classroom as easily.

115.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was involved in the decision and execution of Mayo on or about January 9, 2023, serving Plaintiff with the Written Warning which disciplined Plaintiff in significant part for her alleged classroom management shortcomings, including those related to and/or caused by Plaintiff's pregnancy, as had been discussed on December 15, 2022.

116.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

117.

On information and belief, Bailey, as Associate Human Resources Director for TTSD in charge of TTSD employee leave management, was involved in the decision and execution of Mayo on or about February 24, 2023, forcing Plaintiff to submit her resignation in lieu of a recommendation of non-renewal in significant part due to her inability to prove to Mayo that Plaintiff could correct the areas of performance that allegedly required correction within the time period permitted in the Written Warning, due primarily to Plaintiff's status as a pregnant person, and/or as a person who was on protected leave under FMLA and OFLA for pregnancy and childbirth.

///

///

PAGE 27 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

118.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## TWELFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT
### (Against Defendant TTSD)

119.

Plaintiff incorporates paragraphs 1-118 by reference herein.

120.

On or about January 9, 2023, while Plaintiff was out on protected leave under FMLA and OFLA, Mayo served Plaintiff with the Written Warning that Plaintiff must correct certain shortcomings or Mayo would recommend Plaintiff for non-renewal for the next academic year, essentially terminating her employment.

121.

The Written Warning from Mayo outlined three areas that required Plaintiff to correct. On information and belief, these corrections were pretextual reasons to terminate Plaintiff. The first area that required correction was the removal of the caffeinated beverage from the student store, which had been completed before Plaintiff received any disciplinary action; the second area inaccurately alleged that Plaintiff failed to incorporate certain teaching strategies that she had successfully incorporated into her teaching; and the final area that required correction was regarding Plaintiff's ability to manage her classroom, which was directly tied to, and impacted in significant part by, her pregnancy and the limitations her pregnancy placed on her ability to move about the classroom easily.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

122.

The Written Warning indicated that Plaintiff must prove to Mayo that these three areas had been corrected within an undefined time period, otherwise Mayo would recommend that Plaintiff's teaching contract not be renewed for the next academic year.

123.

The Written Warning also acknowledged Plaintiff's protected leave under FMLA and OFLA and disclosed Mayo's belief that Plaintiff would be unable to show that the areas had been corrected within the identified time period because Plaintiff would be out on protected leave.

124.

Finally, the Written Warning offered Plaintiff the opportunity to submit a post-dated letter of resignation in lieu of a recommendation of non-renewal, which would be held, and not accepted, until June 1, 2023. The Written Warning implied that if Plaintiff could prove to Mayo's satisfaction that the three areas had been corrected before June 1, 2023, then Mayo would discard Plaintiff's resignation.

125.

On or about January 9, 2023, when Plaintiff received the Written Warning from Mayo, Plaintiff was out on planned, protected leave under FMLA and OFLA due to her pregnancy and/or childbirth.

126.

The Written Warning required Plaintiff to submit her letter of resignation in lieu of a recommendation of non-renewal by January 20, 2023, or Mayo would recommend Plaintiff for non-renewal. Plaintiff's planned, protected leave under FMLA and OFLA was scheduled to go

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

beyond January 20, 2023, and Plaintiff did not submit a letter of resignation by the date required by Mayo.

127.

On or about February 24, 2023, Plaintiff submitted her letter of resignation in lieu of a recommendation of non-renewal, post-dated for the end of the 2022-23 academic year.

128.

In or about March of 2023, Plaintiff extended her leave under FMLA and OFLA due to the onset of pregnancy-related disability.

129.

On or about April 27, 2023, TTSD informed Plaintiff that her resignation was accepted, prior to the June 1, 2023, date that Mayo set in the Written Warning.

130.

Mayo and TTSD made an implied contract with Plaintiff when Plaintiff was offered to submit a resignation letter and the resignation letter would be held until June 1, 2023, to see if Plaintiff could correct the areas of deficiencies that Mayo had outlined.

131.

When Plaintiff provided her resignation letter on February 24, 2023, Plaintiff believed that the resignation letter would be held until June 1, 2023.

132.

However, on or about April 27, 2023, TTSD informed Plaintiff that her resignation was accepted. This is clearly before the June 1, 2023, date that Mayo identified and Plaintiff believed the date of the decision would occur.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

133.

This breach by TTSD of accepting Plaintiff's resignation early, baited Plaintiff into submitting her resignation.

134.

As a result of TTSD's breach, Plaintiff has suffered economic losses in the form of wages and benefits.

**WHEREFORE**, Plaintiff prays for judgement in her favor, and against Defendants, and awarding Plaintiff economic damages, liquidated damages, and noneconomic damages as determined at trial, but not less than $500,000.00, together with Plaintiff's costs, disbursements, attorney and expert witness fees, and for any such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 19th day of September 2023.

EMPLOYMENT LAW PROFESSIONALS NW

By: */s/ Randy J. Harvey*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NW**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Tel: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Jenna Baird*