IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JENNA BAIRD,<br><br>   Plaintiff,<br><br>  v.<br><br>TIGARD-TUALATIN SCHOOL DISTRICT 23J, et al.,<br><br>   Defendant. | Case No. 23-cv-01361-SB<br><br>**ORDER** |

Randy J. Harvey and Patrick G. Conroy, Employment Law Professionals NW, 20015 SW Pacific Hwy., Suite 221, Sherwood, OR 97140. Attorneys for Plaintiff.

Brett Mersereau, The Law Office of Brett Mersereau, P.O. Box 622, West Linn, OR 97068. Attorney for Defendants.

**IMMERGUT, District Judge.**

  This action arises from Plaintiff's employment with Tigard-Tualatin School District. Plaintiff alleges violations of the Family Medical Leave Act ("FMLA"), the Oregon Family Leave Act ("OFLA"), and other sections of Oregon Revised Statutes ("ORS") chapter 659A stemming from her termination and the events proceeding.

  Plaintiff brought this action against Tigard-Tualatin School District 23J; Brooke Mayo, Associate Principal of Tualatin High School and Plaintiff's supervisor; Len Reed, Tigard-

PAGE 1 – ORDER

Tualatin School District 23J Human Resources Director; and Brian Bailey, Tigard-Tualatin School District 23J Associate Human Resources Director. Plaintiff agreed to dismiss her individual claims against Bailey and Reed. Findings and Recommendation ("F&R"), ECF 48 at 1 n.1. Accordingly, this Court dismisses Bailey and Reed from this action.

Plaintiff was a probationary teacher at Tualatin High School and informed Defendants she intended to take protected leave due to her pregnancy and scheduled c-section. Declaration of Patrick Conroy ("Conroy Declaration"), ECF 39, Ex. 4 at 1. Plaintiff alleges Defendants interfered with her protected leave, retaliated against her for taking protected leave, discriminated against her on the basis of sex, and breached an implied contract. F&R, ECF 48 at 5. Defendants moved for summary judgment on all claims. Amended Motion for Summary Judgment ("MSJ"), ECF 34.

Magistrate Judge Beckerman recommends that this Court grant in part and deny in part Defendants' motion for summary judgment. F&R, ECF 48 at 2. This Court has reviewed de novo the portion of the F&R to which Defendant objected. For the following reasons, the Court ADOPTS Magistrate Judge Beckerman's F&R in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further

PAGE 2 – ORDER

review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim. *Celotex Corp.*, 477 U.S. at 323.

## DISCUSSION

Defendants objected to the portion of the F&R concerning Plaintiff's breach of implied contract claim. Defendants' Objections to Findings and Recommendations ("Objections"), ECF 50 at 2. Plaintiff alleges that the parties formed an implied contract "when Plaintiff was offered to submit a resignation letter and the resignation letter would be held until June 1, 2023, to see if Plaintiff could correct the areas of deficiencies that Mayo [Plaintiff's supervisor] had outlined." Complaint ("Compl."), ECF 1 ¶ 130. The F&R recommended this Court deny Defendants' motion for summary judgment on Plaintiff's breach of implied contract claim. F&R, ECF 48 at 32.

Defendants argue the implied contract claim should be dismissed because (1) the express employment contract between the parties barred formation of a separate implied contract related to Plaintiff's employment and (2) the alleged contract was frustrated and Defendants' performance was impossible.[1] MSJ, ECF 34 at 14–16. The F&R found that Plaintiff's "express employment contract does not bar her implied contract claim" and "genuine disputes of material fact exist regarding whether a supervening event made Defendants' performance under the contract impossible or frustrated its purpose." F&R, ECF 48 at 28, 31. This Court agrees with the F&R and denies Defendants' motion for summary judgment on the implied contract claim.

First, Plaintiff's express employment contract does not bar formation of the implied contract. Under Oregon law, "[a] claim based on an implied-in-fact contract will survive summary judgment if, when viewed in the light most favorable to the plaintiff, the record on summary judgment would permit a reasonable factfinder to find that the parties' acts warrant the conclusion that the parties had a mutual agreement." *Moyer v. Columbia State Bank*, 315 Or. App. 728, 738 (2021). However, "there cannot be a valid legally enforceable contract and an implied contract *covering the same services*." *Prestige Homes Real Est. Co. v. Hanson*, 151 Or. App. 756, 762 (1997) (emphasis added).

Here, the implied contract and the express contract do not "cover[] the same conduct." *Mount Hood Cmty. Coll. ex rel. K & H Drywall, Inc. v. Fed. Ins. Co.*, 199 Or. App. 146, 158 (2005). The express contract is the collective bargaining employment contract covering

---

[1] In moving for summary judgment, Defendants also argued the implied contract claim fell under the exclusive jurisdiction of the Employment Relations Board ("ERB") because Plaintiff alleged an unfair labor practice. MSJ, ECF 34 at 15. Judge Beckerman disagreed and found that Plaintiff's implied contract claim was not governed by a collective bargaining agreement under ERB's jurisdiction. F&R, ECF 48 at 29. Defendants did not raise this argument again in their objections to the F&R. *See* Objections, ECF 50.

PAGE 4 – ORDER

Plaintiff's services as a probationary teacher under ORS 342.815(6). Plaintiff alleges Defendants breached a separate agreement. F&R, ECF 48 at 27–28. Plaintiff agreed to submit a resignation letter rather than be terminated, and Defendants agreed to hold the letter until the end of the school year to see if Plaintiff could correct performance issues. *Id.*

Under Oregon law, "courts will not read implied terms into a contract if those terms would contradict the express terms of the contract," *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 652 (1995) (en banc), nor find an implied contract that covers the "same services" or "same conduct" as an express contract. *Hanson*, 151 Or. App. at 762; *Mount Hood Cmty. Coll.*, 199 Or. App. at 158. Both Plaintiff's express contract and the implied contract generally relate to her employment but cover different matters. Specifically, Defendant has not offered any evidence that the dispute arising from the resignation letter "is governed by an express contract" as to preclude the existence of an implied contract. *Kizer Excavating Co. v. Stout Building Contractors, LLC*, 324 Or. App. 211, 218 (2023). Therefore, this Court finds formation of the implied contract was not barred by Plaintiff's express employment contract.

Second, genuine disputes of material fact exist regarding whether performance of the implied contract was frustrated or made impossible by Plaintiff's medical leave. Those disputes of material fact are not appropriate to be resolved at summary judgment. *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact.").

Defendants raise two related doctrines that would excuse performance: frustration and impossibility. Under the frustration doctrine, a "promisor shall be absolved from performance if, through a supervening circumstance for which neither party is responsible, a thing, event or condition which was essential [to] performance … fails." *Shelter Forest Int'l Acquisition, Inc. v.*

*COSCO Shipping (USA) Inc.*, 475 F. Supp. 3d 1171, 1187 (D. Or. 2020) (quoting *Dorsey v. Or. Motor Stages*, 183 Or. 494, 503 (1948)). Similarly, if a supervening event makes a promisor's performance impossible, "[u]nder Oregon law, a party may be excused from performing a contractual obligation." *Pranger v. Or. State Univ.*, 672 F. Supp. 3d 1088, 1095 (D. Or. 2023).

Defendants argue Plaintiff's medical condition was a supervening circumstance and frustrated their ability to perform. Objections, ECF 50 at 4–7. Relatedly, Defendants argue their performance under the implied contract was impossible because Plaintiff did not return to work. *Id.* Therefore, Defendants argue Plaintiff's supervisor could not work with her to correct performance issues that school year. It is undisputed that Plaintiff did not return to work during the 2022-23 school year because of her medical condition. F&R, ECF 48 at 31. However, material facts are in dispute that prevent this Court from finding it impossible for Defendants to perform or that the implied contract was otherwise frustrated.

Whether Defendants' conduct contributed to Plaintiff's medical condition is a material fact in dispute. Plaintiff alleges that she was unable to return to work in part because of the anxiety caused by Defendants' conduct during her medical leave. Plaintiff alleges that she extended her leave "due to pregnancy related disability and anxiety caused by her forced resignation." Compl., ECF 1 ¶ 36. Frustration requires that the supervening event be one for "which neither party is responsible." *Shelter Forest Int'l Acquisition, Inc.*, 475 F. Supp. 3d at 1187. Impossibility also requires that the promisor not contribute fault. *Pranger*, 672 F. Supp. 3d at 1095. It is not in dispute that Defendants communicated with Plaintiff while she was on protected leave and that at least as early as April 2023, Defendants knew Plaintiff was recovering and using prescribed opioids. *See* F&R, ECF 48 at 3–4. The Court cannot make credibility determinations of Plaintiff and her supervisor nor weigh whether Defendants contributed to

PAGE 6 – ORDER

Plaintiff's medical condition. *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). Thus, it is inappropriate to resolve this dispute in Defendants' favor.

The timing of when Plaintiff was determined to be medically unable to return to work is a material fact in dispute. Plaintiff's medical condition cannot frustrate Defendants' performance if Defendants had already failed to perform (by accepting her resignation early). Taken in the light most favorable to Plaintiff, it is disputed whether Plaintiff extended her leave to the end of the school year after Defendants had already breached. Defendants point to Plaintiff's deposition testimony that, in response to the question "You could not have come back to work during the '22-'23 School year at all for medical reasons, right?" Plaintiff replied, "I mean, based on the facts, no, I was medically unable to." Objections, ECF 50 at 5. This could be read different ways. A reasonable reading is that with the benefit of hindsight, Plaintiff did not recover as expected to be able to return to work that school year, not that she never planned to return after her c-section in December. "The facts" Plaintiff refers to could also include Defendants' alleged role in causing her anxiety while on protected leave.

Defendants also point to an email thread between Plaintiff and the school district's Human Resources ("HR"). *Id.* at 6. On April 27, 2023, HR emailed Plaintiff "We received your resignation for the end of the 2022-2023 school year and made note of this on our end." Declaration of Len Reed ("Reed Declaration"), ECF 32, Ex. 4 at 2–3. Only after did Plaintiff reply, "I was asked to send that letter while on protected leave, under the care of a physician and while using prescribed opioids to recover. I am still on FMLA through the end of the school year." *Id.* at 2. Taken in the light most favorable to Plaintiff, her formal request to extend her leave did not occur until May 3, 2023, when she emailed, "Correct. I will not be returning per my FMLA extension sent to HR from my care team." *Id.* at 1. This Court "may not make credibility

PAGE 7 – ORDER

determinations or weigh conflicting evidence" at the summary judgment stage. *Bator*, 39 F.3d at 1026. Thus, the timing of when Plaintiff was unable to return to work is a disputed material fact and inappropriate for resolution at summary judgment.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Defendant objected. Judge Beckerman's F&R, ECF 48, is adopted in full. Defendants Len Reed and Brian Bailey are DISMISSED from this action. This Court GRANTS IN PART and DENIES IN PART Defendants' Amended Motion for Summary Judgment, ECF 34. This Court hereby DISMISSES Plaintiff's FMLA retaliation claim.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 8 – ORDER